IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLEN MOSS,<br><br>            Plaintiff,<br><br>      vs.<br><br>OUTLOOK NEBRASKA, INC.,<br><br>            Defendant. | 8:11CV19<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant's motion in limine, Filing No. 70, and also on plaintiff's motion in limine, Filing No. 73. Plaintiff brought this employment discrimination case under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et seq.* ("the Rehabilitation Act"); and the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. §§ 48-1101 *et seq.* ("NFEPA").  Filing No. 24, First Amended Complaint.

Defendant is a not-for-profit paper converting company that hires blind and visually impaired employees.  Plaintiff is a legally blind person.  Plaintiff contends that defendant discriminated against him on the basis of his disability.  The defendant contends it did not discriminate against the plaintiff on the basis of disability.  The defendant filed a motion for summary judgment.  Filing No. 40.  The court granted the motion for summary judgment with respect to some of the allegations but permitted the remaining allegations to proceed to trial.  Filing No. 56.  Specifically, the court permitted the following to proceed to trial:  plaintiff's claims that defendant failed to provide work materials in accessible formats; plaintiff's claims that defendant failed to provide tactile pathways in the workplace; plaintiff's claims that defendant failed to make

accommodations to make some machinery accessible to the blind; and plaintiff's claim that defendant terminated him in retaliation for a complaint he made to OSHA and/or for disability discrimination.

### Filing No. 70, Defendant's Motion in Limine

Defendant states:

> ONI is entitled to an order, in limine, excluding from trial evidence, testimony, or argument suggesting or indicating that sighted employees of ONI were paid more than blind employees, that sighted employees were given preferential treatment when downsizing, or that Moss was not promoted due to his disability. The dismissed claims have been resolved by this Court and are no longer in dispute. Evidence or testimony pertaining specifically to the dismissed claims is completely irrelevant to the issues remaining for resolution in this action and therefore inadmissible.

Filing No. 72, Defendant's brief at 4. Defendant argues that any evidence regarding plaintiff's dismissed claims should be excluded pursuant to Fed. R. Evid. 403 as it is not relevant. Defendant also argues that some of the statements are hearsay. In particular, defendant asks the court to exclude from trial certain subjective assertions of discrimination by three witnesses, Joseph Hernandez, Donald Fidone, and Robert Riley; certain stray remarks by non-decision makers (such as "stupid retard"); certain statements regarding a workplace accident by Mr. Fidone; statements by Amy Buresch that are hearsay as to the reason plaintiff was terminated; plaintiff's medical records after defendant terminated him; and speculative statements by plaintiff regarding whether accommodations could be made to the machines he worked on. Plaintiff argues that this evidence is in fact relevant to the issues remaining for trial. The plaintiff contends the motion in limine should be denied and that many of these issues can be decided by objection at trial.

The court notes that this is a nonjury trial. As such, the court is totally capable of discerning the evidence that is both relevant and hearsay. Trial courts should be more reluctant to exclude evidence in a bench trial than a jury trial. See *Builders Steel Co. v. Commissioner*, 179 F.2d 377, 379 (8th Cir.1950) ("[A] trial judge who, in the trial of a nonjury case, attempts to make strict rulings on the admissibility of evidence, can easily get his decision reversed by excluding evidence which is objected to, but which, on review, the appellate court believes should have been admitted"). Thus, in bench trials evidence should be admitted and then sifted when the district court makes its findings of fact and conclusions of law. *Fields Engineering & Equipment, Inc. v. Cargill, Inc.,* 651 F.2d 589, 594 (8th Cir. 1981). In a nonjury case, the trial court is presumed to consider only the competent evidence and to disregard all evidence that is incompetent. *Taylor v. Taylor*, 211 F.2d 794, 797 (8th Cir. 1954). See also *Builders Steel Co.*, 179 F.2d at 379 (noting that the trial court, capable of ruling accurately upon the admissibility of evidence, is equally capable of sifting it accurately after it has been received, and, since findings are based on the evidence that is found competent, material and convincing, there is no harm in the presence in the record of testimony that the court does not find competent or material). Where the court has assumed the role of fact-finder in a bench trial, "the better course" is to "hear the testimony, and continue to sustain objections when appropriate." *Easley v. Anheuser-Busch, Inc.,* 758 F.2d 251, 258 (8th Cir. 1985).

To the extent that a party challenges the probative value of the evidence, "[a]n attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve." *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996) (citation omitted). Also, some evidence

"cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 439 (8th Cir. 1997).

The court will deny the motion in limine and permit the plaintiff to make his case as it relates to the remaining issues in this trial. The defendant is free to make the appropriate objections at the time of the introduction of the evidence and the court will make a ruling at that time.

**Filing No. 73, Plaintiff's Motion in Limine**

Plaintiff moves this court to exclude defendant's exhibits 106, 107, 108, 109, 118 and 125, arguing they are irrelevant or highly prejudicial. These exhibits allegedly set forth reasons that defendant might articulate for terminating plaintiff, such as issues of transportation, attendance and minor disciplinary actions. However, plaintiff argues that the only reason ever given for his termination is his refusal to take a drug test, and thus, any other proffered reasons are irrelevant. Defendant objects to this motion in limine, arguing it is entitled to submit evidence that refutes pretext which includes evidence showing lack of a discriminatory animus towards plaintiff. Further, some of the evidence, argues defendant, shows that the disciplinary action was taken prior to the filing of the OSHA complaint and, therefore, plaintiff was not disciplined because of the OSHA complaint. Other evidence, argues defendant, is relevant to when defendant first knew of the forklift accident which resulted in the request for the drug-testing and the alleged resulting injuries.

The court makes the same findings as it did with regard to defendant's motion in limine. Rulings on these issues are premature at this time. This is a nonjury trial. The

court will permit the defendant to present his defenses as it relates to the remaining issues in this trial. The plaintiff is free to make the appropriate objections at the time of the introduction of the evidence and the court will make a ruling at that time.

THEREFORE, IT IS ORDERED:

1. Defendant's motion in limine, Filing No. 70, is denied, subject to reassertion at trial; and

2. Plaintiff's motion in limine, Filing No. 73, is denied, subject to reassertion at trial.

Dated this 2nd day of April, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge